UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO HERNANDEZ, JR., | ) | CV F  03 5563 AWI SMS P |
| Plaintiff, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S RULE 12(b) MOTION TO DISMISS (Doc. 35.) |
| R.  CLAY, | ) | |
| Defendants. | ) | |

Armando Hernandez, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. PROCEDURAL HISTORY**

Plaintiff filed the instant action on May 6, 2003.  On May 30, 2003, the Court found the Complaint stated a cognizable excessive force claim against Defendant Clay.   Plaintiff filed an Amended Complaint on June 2, 2003.   On June 30, 2003, the Court issued an Amended Order finding the Amended Complaint stated a cognizable retaliation, excessive force, and assault and battery claim against Defendant Clay.

On September 19, 2003, Defendants filed an unenumerated Rule 12(b) Motion to Dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies with respect to his excessive force claim.  The Court, on May 28, 2004, issued Findings and Recommendations that the Motion be granted on the excessive force and assault and battery claim.  The Court further recommended that Defendant's be granted the opportunity to file a Motion to Dismiss regarding

the retaliation claim. The Findings and Recommendations were adopted by the District Court on September 13, 2004.

On October 13, 2004, Defendants filed a Motion to Dismiss for Plaintiff's failure to exhaust his administrative remedies regarding the retaliation claim. Plaintiff did not oppose the Motion.

**B. STANDARD OF REVIEW**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of

exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**C. ANALYSIS**

Defendant argues that the retaliation claim is unexhausted. Plaintiff filed two appeals against Officer Clay, one on October 23, 2002, (log # 03-00106) and one on December 18, 2002, (Log # 02-01983). The second appeal, Log # 02-01983, clearly concerned the search and confiscation of Plaintiff's property on October 22, 2002, and the request that the property be returned to him.[1] (Exh. B, Motion to Dismiss.)

In Plaintiff's first appeal, Log # 03-00106, Plaintiff alleged only that on October 22, 2002, Officer Clay verbally harassed him and threatened him in retaliation for his assisting inmates with legal work. (Attach 1, Exh. A). When Plaintiff submitted his appeal to the Director's level, he raised, for the first time, his retaliation claim concerning the events that occurred on October 25, 2002, and are the remaining subject of this action. The Director's decision, dated August 26, 2003, did not address the October 25, 2002, events. Thus, Plaintiff has failed to exhaust his administrative remedies with respect to this retaliation claim.

In addition, Defendant argues even were the Court to deem the claim exhausted, the case must still be dismissed as any purported exhaustion did not occur prior to Plaintiff's filing of the instant action on May 6, 2003.

Defendants have met their burden as the parties moving for dismissal for failure to exhaust. The burden now shifts to plaintiff to demonstrate that he satisfied the exhaustion

---

[1] Plaintiff grieved the confiscation of his property to the Director's level. (Exh. B, Motion to Dismiss.)

3

1  requirement set forth in section 1997e(a).

2  As noted above, Plaintiff did not oppose the Motion to Dismiss.  The Court has reviewed
3  the Amended Complaint and other than Plaintiff's statement that he did exhaust, there is no
4  evidence in the record to dispute Defendant's assertions and evidence.

5  In the Amended Complaint, Plaintiff alleged that on October 22, 2002, Defendant Clay
6  conducted a locker search and confiscated personal property.  On October 25, 2002, following a
7  discussion with Defendant Clay regarding the property confiscation, Defendant Clay assaulted
8  him for assisting other inmates with their legal work.  (Amended Complaint at 2-4.)  As noted
9  above, the Court issued Findings and Recommendations that the excessive force and assault and
10 battery claims be dismissed from the action for Plaintiff's having failed to exhaust them via the
11 administrative grievance process.  Thus, the allegations at issue in the Motion before the Court
12 concern Plaintiff's contention that Defendant Clay beat him on October 25, 2002, in retaliation
13 for his assisting other inmates with their legal work.

14 The Court has examined the documentation provided by Defendants and concludes that
15 Plaintiff has failed to exhaust his administrative remedies with respect to his retaliation claim.
16 Although Plaintiff did raise the October 25, 2002, beating in his appeal at the Director's level,
17 the grievance initiated concerned the confiscation of Plaintiff's property.  In addition, the
18 Director did not exercise its discretion and review and address Plaintiff's allegations concerning
19 the incident of October 25, 2002.  Accordingly, the Court finds Plaintiff's inmate appeal did not
20 place prison personnel on notice that Defendant Clay beat him in retaliation for his assisting
21 inmates with legal work.  For this reason, the Court finds that Plaintiff's inmate appeal did not
22 exhaust the claim at issue in this action.

23 Assuming, without deciding, that raising, for the first time, a claim at the Director's level
24 satisfies the exhaustion requirement, Plaintiff did not complete exhaustion prior to seeking relief
25 in this court as required by the Ninth Circuit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201
26 (9th Cir. 2002) (Exhaustion must occur *prior* to filing suit.).  In this instance, although Plaintiff
27 filed the second appeal wherein he raised his retaliation claim for the first time at the Director's
28 level, the appeal was not completed until August 26, 2003, when the Director issued its decision

and well after the instant suit was initiated. Thus, the Court also finds that Defendant is entitled to dismissal of this action based on Plaintiff's failure to exhaust prior to filing suit.

**D.  RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Motion to Dismiss the case based on Plaintiff's failure to exhaust be GRANTED and the case DISMISSED.

These Findings and Recommendations are ORDERED submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 17, 2005                             /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE